NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| JOSEPH G. PERRETTA, | : | |
| Plaintiff, | : | Civil No. 14-2506 (RBK) |
| v. | : | **OPINION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on an appeal filed by Plaintiff Joseph Perretta ("Plaintiff") from the decision of the Acting Commissioner of Social Security, Carolyn W. Colvin (the "Commissioner"), which subjected Plaintiff's Divorced Spouse Insurance Benefits ("Benefits") to Government Pension Offset ("GPO") provisions. The Court has jurisdiction to decide this appeal pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g). For the reasons expressed herein, the Commissioner's decision is **AFFIRMED**.

I.   BACKGROUND

Plaintiff worked for the federal government until 2005 in a position that provided him with pension benefits, but was not covered by Social Security. Tr. 35, 44. Plaintiff worked for the State of New Jersey from 2005 until June 30, 2011, in a position that was covered by Social Security and also provided him with pension benefits. Tr. 25, 42, 44. When he applied for Benefits, Plaintiff was notified that he was entitled to monthly Benefits beginning in July 2011, but that due to the application of the GPO, his Benefits would be reduced by two-thirds of the

1

amount of the pension he was receiving from the federal government.  Tr. 38.  Since his Benefit was less than two-thirds of the amount of that pension, he would not receive any monthly Benefits.  Tr. 38.  Plaintiff requested reconsideration on July 26, 2011, arguing that his Benefits were exempt from the GPO pursuant to Public Law 108-203 ("PL 108-203"), since he was covered by both a pension plan and Social Security when he was an employee with the State of New Jersey.  Tr. 41-42.  On November 26, 2011, the Administration affirmed the disposition, citing 20 C.F.R. § 404.408(a).  Tr. 44-45.  The letter stated that Plaintiff's

> federal and state employment are considered separately when we determine whether or not your benefits are subject to the government pension offset.  The fact that your state employment was covered by Social Security has no bearing on the fact that your federal employment was not covered by Social Security through the last day of such employment.

Tr. 45.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on December 13, 2011, Tr. 77, which was held on June 19, 2012, Tr. 15.  ALJ Christopher K. Bullard issued an unfavorable decision on July 30, 2012.  Tr. 7.  The Appeals Council denied Plaintiff's request for review on March 25, 2014.  Tr. 3.  Plaintiff, proceeding pro se, appealed to this District Court on April 21, 2014.[1]  (Doc. No. 1).  The Court will now decide the appeal based on the submissions of the parties without oral argument.[2]

---

[1] The Court notes that neither party has complied with Local Civil Rule 9.1 in filing their briefs.  Plaintiff attached a "Court Brief" to his Complaint, which the Court interprets as his brief pursuant to Rule 9.1.  The Commissioner filed her responsive brief on July 24, 2014, (Doc. No. 10), and Plaintiff replied on July 31, 2014.  (Doc. No. 11).  At the outset, Plaintiff should not have filed his brief along with his Complaint, but instead should have filed it after receiving an answer to the Complaint and the administrative record, pursuant to Rule 9.1(e).  Furthermore, the contents of Plaintiff's brief do not fully conform to the parameters of the Rule.  Finally, Plaintiff failed to submit a Statement in compliance with Rule 9.1(d).  Considering the unusual timing and submission of Plaintiff's brief, in addition to filing her Answer on June 9, 2014, the Commissioner also filed a motion for a 45-day extension of time to respond to Plaintiff's brief, which this Court never addressed.  (Doc. No. 6).  Given Plaintiff's pro se status, the Court will consider the submissions of both parties despite their procedural deficiencies.  However, they are cautioned to adhere to the Rule in the future.

[2] Plaintiff filed a motion for oral argument.  (Doc. No. 9).  Rule 9.1(f) provides that all Social Security cases will be resolved on the briefs "unless a request for oral argument is granted or as otherwise directed by the Court."  Plaintiff had the opportunity to present his arguments and evidence to the Court in writing.  Thus, this Court will not entertain

## II.     LEGAL STANDARD

District court review of the Commissioner's final decision is generally limited to ascertaining whether the decision is supported by substantial evidence.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)).  However, a district court has plenary review where it must determine whether the Commissioner applied the law properly.  Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 545 (3d Cir. 2003).  The interpretation of the Commissioner is entitled to deference, but it does not bind the reviewing court.  Krysztoforski v. Shalala, No. 93-5228, 1994 WL 722842, at *2 (E.D. Pa. Aug. 10, 1994) (citing State of California, Dep't of Health Servs v. U.S. Dep't of Health and Human Servs., 853 F.2d 634, 636 (9th Cir. 1988)).  The interpretation of an administrative agency is given controlling weight unless it is "arbitrary, capricious, [or] an abuse of discretion."  Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994) (citing 5 U.S.C. § 706(2)(A)).

## III.    DISCUSSION

The issue before the Court is whether the ALJ erred in determining that Plaintiff's Benefits are subject to the GPO, and not exempt due to the 60-month exemption found in PL 108-203.  The parties do not dispute any facts or question the weight assigned to any piece of evidence.  It is undisputed that Plaintiff receives a civil service retirement pension from the Office of Personnel Management due to Plaintiff's federal employment ending in 2005, and that this employment was not covered by Social Security.  It is also undisputed that Plaintiff worked for the State of New Jersey from 2005 to June 30, 2011, and that this employment was covered by Social Security and a pension plan.  Our review is limited to whether the ALJ properly applied the law.

---

oral argument because the case does not present any extraordinary or unusual issues that would necessitate granting Plaintiff's request.  See Crook v. Barnhart, 113 Fed. App'x 343, 345 (10th Cir. 2004).

### A. The ALJ's Decision

The ALJ determined that Plaintiff is not exempt from the GPO despite his 60 months of Social Security covered service for the State of New Jersey prior to his retirement. Tr. 11. The ALJ cited 20 C.F.R. § 404.408a, which provides that a claimant's spousal benefit "will always be reduced because of your Government pension even if you afterwards return to work for a government agency and that work is covered by Social Security." Tr. 11. To interpret PL 108-203, the ALJ relied on the Program Operations Manual ("POMS") GN 02608.107, which explains the 60-month exemption. Tr. 13. After considering the POMS and the language of PL 108-203, the ALJ found that Plaintiff "must have worked the last 60 months of government employment for the employer that provides the pension plan and was also covered under Social Security" for the exemption to apply. Tr. 13. Since New Jersey is not the same employer from which Plaintiff earns his federal pension, the fact that his employment with New Jersey was covered by Social Security and a pension plan has no bearing on the previous federal employment that was not covered and is paying the federal pension. Tr. 13. Thus, the ALJ affirmed the prior decision that Plaintiff's Benefits are subject to the GPO, and accordingly reduced to zero. Tr. 14.

### B. Analysis

The ALJ properly determined that Plaintiff is not exempt from the GPO because the State of New Jersey is a different employer than the employer responsible for delivering his federal pension. Plaintiff argues that the Social Security Administration erred in relying on § 404.408(a) because these regulations only apply to Social Security Disability benefits, for which he never applied. Pl. Br. 1. He further argues that his federal and state employments should not be considered separately. Pl. Br. 3. Finally, he argues that his employment with the federal

4

government is not relevant because his last job before applying for Benefits was with the State of New Jersey, and not the federal government. Pl. Br. 3. For the reasons discussed below, all of Plaintiff's arguments fail.

As to Plaintiff's first argument, he conflates the ALJ's decision with the Agency's November 26, 2011 decision on reconsideration. While the latter references section (a) of § 404.408, which is entitled "Reduction of benefits based on disability on account of receipt of certain other disability benefits provided under Federal, State, or local laws or plans," the ALJ in fact relied upon § 404.408a, entitled "Reduction where spouse is receiving a Government pension." This section is entirely relevant to determining whether the GPO applies to Plaintiff's Benefits. See, e.g., Wicks v. Colvin, 573 Fed. App'x 803, 807-08 (10th Cir. 2014) (upholding district court decision applying § 404.408a to determine GPO); Pagter v. Massanari, 250 F.3d 1255, 1259-60 (9th Cir. 2001) (applying § 404.408a to determine GPO); Eaddy v. Astrue, Civ. No. 11-2307M, 2013 WL 398665, at *3 (D. Md. Jan. 31, 2013) (same). There is no indication that the ALJ relied upon § 404.408(a) in making his determination, and this Court's review is limited to the Commissioner's final decision. See 42 U.S.C. § 405(g).

As to his second and third arguments, Plaintiff misinterprets PL 108-203. The Court cannot find that the ALJ's interpretation of the law was arbitrary or capricious, and therefore we assign it controlling weight. 42 U.S.C. § 402(k), which was amended by PL 108-203, Section 418, provides:

> The amount of a monthly insurance benefit of any individual for each month . . . shall be reduced (but not below zero) by an amount equal to two-thirds of the amount of any monthly periodic benefit payable to such individual for such month which is based upon such individual's earnings while in the service of the Federal Government or any State … if, during any portion of the last 60 months of such service ending with the last day such individual was employed by such entity . . .

5

certain conditions apply.  42 U.S.C. § 402(k)(5)(A) (emphasis added).  These conditions include that "such service was being performed while in the service of the Federal Government, and constituted 'employment' as so defined…" § 402(k)(5)(A)(ii).  Paragraph (5)(B)(ii) provides that subparagraph (A)(ii) will not apply

> if such service was performed for at least 60 months in the aggregate during the period beginning January 1, 1988, and ending with the close of the first calendar month as of the end of which such individual is eligible for benefits under this subsection and has made a valid application for such benefits.

§ 402(k)(5)(B)(ii).

PL 108-203 was drafted to eliminate the "last day" GPO exemption.  <u>See</u> GN 2608.107A; <u>see also</u> <u>Segura v. Astrue</u>, Civ. No. SA-07-0217, 2008 WL 2066037, at *3 (W.D. Tex. May 12, 2008) (finding that the new law as codified in 42 U.S.C. § 402(k)(5)(A) eliminates the loophole that existed permitting individuals to avoid the GPO by working for only one day at an entity covered by both Social Security and a pension).  POMS GN 2608.107A provides that for the exemption to apply, "the last 60 months of a person's government service before retirement [must] be covered by both Social Security <u>and the pension plan</u>."  (emphasis added).  "The pension plan" must refer to each plan delivering benefits to the individual; otherwise, a claimant could avoid the GPO even if he receives a pension from an entity that was noncovered during his last 60 months of employment with that entity, as Plaintiff seeks to do here.  Furthermore, GN 2608.107B(2) states that if the individual "worked in noncovered employment under the retirement system <u>that provides the pension</u>," his benefit will be subject to the GPO.  (emphasis added).  The language of the POMS thus requires that the GPO be applied where an individual is receiving a pension from an entity that was not also covered by Social Security.  This conclusion is further supported by the guideline that the GPO will apply where an individual worked in noncovered employment "under the retirement system that provides the pension . . . even if the

6

individual concurrently worked in another position with the same or a different employer covered by Social Security." GN 2608.107B(2).

Moreover, 20 C.F.R. § 404.408a provides that a claimant's benefits

> will be reduced each month you are receiving a monthly pension from a Federal, State, or local government agency . . . for which you were employed in work not covered by Social Security on the last day of <u>such employment</u>. Your monthly Social Security benefit as a spouse <u>will always be reduced because of your Government pension even if you afterwards return to work for a government agency and that work is covered by Social Security</u>.

(emphasis added). The POMS guidance, read in conjunction with § 404.408a, must lead to the conclusion that each plan is considered separately. Since Plaintiff is receiving a pension from the federal government for employment which was not covered by Social Security, the fact that he later worked for the State that provided both Social Security and a pension plan is simply irrelevant. See <u>Eaddy v. Astrue</u>, 2013 WL 398665, at *3 ("Monthly social security benefits received as a wife, husband, widow, widower, mother or father will be reduced each month the recipient receives a monthly pension from a federal, state, or local government agency for which the recipient was employed in work not covered by Social Security on the last day of such employment.") (citing 42 U.S.C. § 402(k)(5)(A); 20 C.F.R. 404.408a).

IV. **CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED**. An appropriate Order shall issue.

Dated: 4/17/2015                                                                              s/ Robert B. Kugler
                                                                                                                                                 ROBERT B. KUGLER
                                                                                                                                                 United States District Judge